UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Shane Joshua Pearson,

      Defendant.

Case No. 17-cr-72 (JNE/TNL)
ORDER

      Defendant Shane Joshua Pearson filed a motion to dismiss the indictment, ECF No. 31, and a motion to suppress evidence, ECF No. 37.  After a hearing on these motions, Defendant and the Government filed supplemental briefing.  ECF Nos. 49, 50.  On October 18, 2017, the Honorable Tony N. Leung, United States Magistrate Judge, issued a Report and Recommendation ("R&R") advising the Court to deny both the motion to dismiss the indictment and the motion to suppress evidence.  ECF Nos. 53, 54.  Defendant raised six objections to the R&R.  ECF No. 55.  The Government responded to them.  ECF No. 56.

      Defendant first objects that he was "unable to create a record at the pretrial hearing" because the Government "did not bring any of the images" of alleged child pornography referenced in the indictment and search warrants.  ECF No. 55 at 1.  Defendant argues that this amounted to "control [of] the defense presentation of evidence" in violation of "basi[c] constitutional ten[e]ts allowing for a fair trial under the Sixth Amendment and due process under the Fourteenth Amendment."  *Id.* at 2 (citing

1

*California v. Trombetta*, 467 U.S. 479, 485 (1984) and *Brady v. Maryland*, 373 U.S. 83 (1963)).

For its part, the Government responds that, prior to the hearing, it discussed with defense counsel the reasons for declining to bring any images or videos of alleged child pornography. ECF No. 56 at 3-4. The Government deemed them contraband. *Id.* at 1. As such, the Government concluded that, under 18 U.S.C. § 3509(m), "the court would need to order [the Government] to supply the court with the images," ECF No. 55 at 1, as federal "law prohibits copying and dissemination of such material as long as the defense has ample access to" it, ECF No. 56 at 3-4. According to the Government, in the pre-hearing discussion, "defense counsel expressed understanding of the government's position." ECF No. 56 at 3-4. Moreover, the Government contends that it complied with its obligations to the defense, stating that it "has already arranged two evidence review sessions at the FBI" and "has repeatedly offered the defense further opportunities to review the evidence." ECF No. 56 at 4.

At the hearing, Defendant did not argue, as he does now, that Government actions deprived him of any rights or violated any obligation. In addition, during the hearing the Court "asked the defense to present written argument [in supplemental briefing] about how and why the court should view the images." ECF No. 55 at 1-2. Defendant did so. But he offered no arguments as to the Government's alleged unconstitutional control of the defense.

Defendant cites no authority requiring the Government to produce alleged child pornography at the hearing, nor is the Court aware of any.  What is more, Defendant raises this argument now for the first time.  As a result, the objection is not properly before the Court and it is overruled.  *See, e.g.*, *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 1000 (8th Cir. 2004) (explaining that "a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review"); *United States v. Nguyen*, 9-cr-172, 2010 WL 5146414, at *1 (D. Minn. Dec. 13, 2010) (finding that defendant raised "an entirely new argument" that he did not make in either his motion or at the hearing and, from this, concluding that defendant "waived this issue by raising it, for the first time, in his objection").

The Court overrules the remaining five objections for the reasons set forth in the R&R.  Accordingly, based on a de novo review of the record, the Court accepts the recommended disposition.  *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2.  Therefore, IT IS ORDERED THAT:

1. Defendant Shane Joshua Pearson's motion to dismiss the indictment [ECF No. 31] is DENIED.

2. Defendant Shane Joshua Pearson's motion to suppress evidence [ECF No. 37] is DENIED.

Dated: December 7, 2017

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge