UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-72 (JNE/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Shane Joshua Pearson, | |
| Defendant. | |

Katharine T. Buzicky, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Robert M. Lewis, Assistant United States Attorney, United States Attorney's Office, 316 North Robert Street, Suite 404, St. Paul, MN 55101 (for the Government); and

Kurt B. Glaser, Smith & Glaser, LLC, 333 Washington Avenue North, Suite 405, Minneapolis, MN 55401 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following Motions:

1. Defendant's Second Motion for Grand Jury Materials (ECF No. 67);

2. Defendant's Motion to Compel Government (ECF No. 77); and

3. The Government's Motion to Strike Defendant's Memorandum in Support of Motion for Access to Grand Jury Materials [Dkt # 85] (ECF No. 86).

A hearing was held on June 5, 2018. Assistant United States Attorneys Katharine T. Buzicky and Robert M. Lewis appeared on behalf of the United States of America (the "Government"). Attorney Kurt B. Glaser appeared on behalf of Defendant.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Second Motion for Grand Jury Materials (ECF No. 67) is **GRANTED IN PART** and **DENIED IN PART** and the Government's Motion to Strike Defendant's Memorandum in Support of Motion for Access to Grand Jury Materials [Dkt # 85] (ECF No. 86) is **DENIED**.

Before turning to the substance of Defendant's motion, the Court first addresses the Government's motion to strike a supporting memorandum filed by Defendant after Defendant's motion was taken under advisement at the hearing. (*See* ECF Nos. 80, 85.) To be clear, the better practice would have been for Defendant to seek leave of Court to file the memorandum. Given the nature of criminal proceedings, however, this Court errs on the side of considering all of the materials submitted and therefore denies the Government's motion to strike the memorandum.

Defendant moves "for an Order permitting defense counsel to inspect and copy the minutes and transcripts of the grand jury" proceedings. (Second Mot. for Grand Jury Materials at 1.) Defendant's motion is based on three grounds: (1) these materials are "necessary to cross-examine, confront, and impeach" the investigating agent, who testified before the grand jury; (2) "[t]he indictment appears to be based on illegally obtained evidence"; and (3) these materials are "necessary to show that grounds exist to support a motion to dismiss the indictment because of matters occurring before the grand jury." (Second Mot. for Grand Jury Materials at 1-2.) With respect to the third ground, Defendant asserts that the images were not properly contextualized for the grand jury;

none of the images were shown to the grand jury; and the videos presented to the grand jury were protected by copyright. (*See* Second Mot. for Grand Jury Materials at 2-3; Def.'s Mem. in Supp. of Second Mot. for Grand Jury Materials at 1-4, ECF No. 85.) The Government objects to the disclosure of these materials.

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted); *see generally* Fed. R. Crim. P. 6(e). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").

Beginning with the use of grand jury materials for impeachment purposes at trial, the Government previously agreed to disclose grand jury testimony to the extent required by the Jencks Act and Fed. R. Crim. P. 26.2. (Order at 4-5, ECF No. 52; Gov't's Resp. to Def.'s Pretrial Non-Dispositive Mots. at 7-8, ECF No. 40; *see* Gov't's Resp. to Def.'s Pretrial Mots. at 12, ECF No. 78.) *See United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996) (noting that, while the Government often discloses Jencks Act material prior to trial, "the [G]overnment may not be required to do so" (quotation omitted)).

Defendant also seeks these materials to impeach the investigating agent "as to the grounds he used when applying for other search warrants in this case, or to show whether

3

or not the *Leon* good faith exception should apply to those warrants." (Second Mot. for Grand Jury Materials at 1.) As the Government points out, the Court previously issued a report and recommendation ("R&R") in this case addressing the several warrants and other investigative tools used in this case, which was adopted by the district court. (Gov't's Resp. to Def.'s Pretrial Mots. at 12.) *See United States v. Pearson*, No. 17-cr-72 (JNE/TNL), 2017 U.S. Dist. LEXIS 202476, at *11-42 (D. Minn. Oct. 18, 2017), *adopting report and recommendation*, 2017 U.S. Dist. LEXIS 201690 (D. Minn. Dec. 7, 2017). There have been no further warrants. (Gov't's Resp. to Def.'s Pretrial Mots. at 12.) In fact, Defendant subsequently withdrew a second motion to suppress evidence obtained from these investigatory tools prior to the motions hearing. (ECF Nos. 66, 79, 80.) Because the warrants and other investigative tools used in this case have already been challenged and upheld, Defendant has not shown a particularized need for these materials on this ground.

Defendant next contends that "[t]he indictment appears to be based on illegally obtained evidence" based on the grounds asserted in his "motion to suppress." (Second Mot. for Grand Jury Materials at 1.) Again, Defendant withdrew his second motion to suppress and his previous arguments for suppression have been rejected. Moreover, as the Court stated in the R&R, "[i]t has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999). A "grand jury may indict on whatever evidence is laid before it, even evidence that would be inadmissible at trial." *United States v. Wilkinson*, 124 F.3d 971, 977 (8th Cir. 1997); *see*

4

*United States v. Roach*, 28 F.3d 729, 739 (8th Cir. 1994) ("[A]n indictment returned by a legally established and unbiased grand jury 'is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.'") (quoting *United States v. Calandra*, 414 U.S. 338, 345 (1974)).

These principles apply with equal force to Defendant's third proffered ground, namely, that these materials are needed "to show that grounds exist to support a motion to dismiss the indictment because of matters occurring before the grand jury." (Second Mot. for Grand Jury Materials at 1-2.) Rule 6 of the Federal Rules of Criminal Procedure permits the Court to authorize disclosure of grand jury materials "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). As best as this Court is able to tell, Defendant asserts that disclosure is warranted because the images were not properly contextualized for the grand jury (and, in their proper context, are not lascivious) and the videos are protected by copyright, making his possession lawful.

While Defendant attempts to frame these reasons in terms of matters that occurred before the grand jury, they are in essence claims that the Government did not present exculpatory evidence to the grand jury and defense arguments to be raised at trial. "A grand jury hearing is not a mini-trial." *United States v. Civella*, 666 F.2d 1122, 1127 (8th Cir. 1981). "The Supreme Court has unequivocally held that the prosecutor is not required to present exculpatory evidence to the grand jury." *United States v. Belfrey*, No. 14-cr-373 (MJD/JJK), 2015 WL 9413057, at *3 (D. Minn. Nov. 17, 2015) (citing *United*

5

*States v. Williams*, 504 U.S. 36, 51-54 (1992)), *adopting report and recommendation*, 2015 WL 9412522 (D. Minn. Dec. 22, 2015); *see United States v. Finn*, 919 F. Supp. 1305, 1327 (D. Minn. 1995) ("The rule is well-settled that a defendant may not challenge an Indictment on the ground that evidence favorable to a defendant had not been presented to the Grand Jury.") "A grand jury proceeding is not constituted to be an adversary hearing; its function is to assess probable cause to believe that the suspect committed the offense in question." *Civella*, 666 F.2d at 1127. Accordingly,

> [t]he government is not obligated to present exculpatory evidence in grand jury proceedings . . . since "the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge," an undertaking for which it "has always been thought sufficient to hear only the prosecutor's side."

*United States v. Darden*, 688 F.3d 382, 387 (8th Cir. 2012) (quoting *Williams*, 504 U.S. at 51). Similarly, "[t]he prosecutor is normally not under a duty to disclose facts which would be the basis of a defense at the trial" during grand jury proceedings. *Civella*, 666 F.2d at 1127. Nor does an indictment need to anticipate an affirmative defense in order to be sufficient. *United States v. Clark*, No. 11-cr-032 (JRT/LIB), 2011 WL 2015224, at *3 (D. Minn. Apr. 15, 2011) (citing *United States v. Sisson*, 399 U.S. 267, 288 (1970)), *adopting report and recommendation*, 2011 WL 1990443 (D. Minn. May 23, 2011).

Thus, even if the Court were to assume for purposes of this motion that the images were not properly contextualized for the grand jury and the videos' copyright affords him a defense to the charges, these would not be bases upon which to dismiss the Superseding Indictment. *See Darden*, 688 F.3d at 387; *Nelson*, 165 F.3d at 1182; *Roach*, 28 F.3d at

739; *Civella*, 666 F.2d at 1127; *Belfrey*, 2015 WL 9413057, at *3; *Clark*, 2011 WL 2015224, at *3; *Finn*, 919 F. Supp. at 1327. And, as such, Defendant has presented "no permissible basis to invade the secrecy of the Grand Jury proceedings." *Finn*, 919 F. Supp. at 1327.

Therefore, Defendant's motion is granted in part to the extent the Government is required to disclose such materials under the Jencks Act and Fed. R. Crim. P. 26.2 and otherwise denied.

2. Defendant's Motion to Compel Government (ECF No. 77) is **DENIED**. Defendant moves "for an Order requiring the Government to produce samples of child pornography for use" in his defense at trial. (Mot. to Compel Gov't at 1.) Defendant asserts that "[t]he Government is the only entity that may legally possess these materials," and he "has no alternative other than to request the Government to make these images available to prepare its defense." (Mot. to Compel Gov't at 1.)

Defendant intends to use the images to illustrate factors considered when determining whether an image depicts the "lascivious exhibition of the genitals or pubic area of any person" under 18 U.S.C. § 2256(2)(A)(v). *See, e.g.*, *United States v. Lohse*, 797 F.3d 515, 520 (8th Cir. 2015) ("In determining whether an image is lascivious, we have cited with approval the factors set forth in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986)."); Judicial Committee on Model Jury Instructions for the Eighth Circuit, Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.2252A (2014). These images may also be used during cross examination and in closing arguments. Defendant states that the "images can be presented in a

manner that is respectful to the victims depicted" and "[a]ll identifying features can be grayed-out or blurred so that the victim is not identifiable." (Mot. to Compel Gov't at 1-2.) Defendant acknowledges that, should the Court grant his motion, the "ultimate decision" as to whether such images may be used at trial belongs to the district court judge. (Def.'s Mem. in Supp. of Mot. to Compel Gov't at 3, ECF No. 83.) Defendant proposes that these "images should be kept in the Government's possession and used by the defense only under the same security protocols used to view the charged images in this case." (Mot. to Compel Gov't at 2.)

The Government strenuously objects. The Government contends that Defendant is blurring the lines between the law regarding child pornography and obscenity, which are categorically different. The Government further contends that any proposed blurring or graying of "comparator" images does not provide the victims depicted therein with sufficient protection and is inconsistent with the rights afforded to victims of crimes under 18 U.S.C. § 3771. The Government's remaining arguments concern admission and use of "comparator" images at trial.

Whether "comparator" images are admissible and may in fact be used at trial is solely within the province of the district court judge presiding over the trial in this matter. Therefore, the Court limits its consideration to Defendant's request that the Government make such "comparator" images available to him. First, it is significant that Defendant's request is not directed at the specific images for which he faces criminal charges. *See* 18 U.S.C. § 3509(m)(2)(A) (prohibiting copying, photographing, duplicating or otherwise reproducing child pornography "so long as the Government makes the property or

8

material reasonably available to the defendant"). There is no contention that the Government has not made those images for which Defendant is being criminally prosecuted reasonably available to him in order to prepare his defense.

Second, "[c]riminal defendants do not have a general constitutional right to discovery." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). "In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the [G]overnment." *Id.* At the hearing, Defendant acknowledged the "unusual" nature of his request. Defendant has not provided, and this Court's own research has not uncovered, any case in which such a request has been granted.

Third, "Congress has spoken clearly in favor of protecting victims of child pornography." *United States v. Jarman*, 687 F.3d 269, 270 (5th Cir. 2012). Section 3509(m) "contains specific instructions that mandate government retention of child pornography evidence during criminal proceedings." *Id.* "In *any* criminal proceeding, *any* property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court." 18 U.S.C. § 3509(m)(1) (emphasis added). Further, while Rule 16 of the Federal Rules of Criminal Procedure requires the Government to allow Defendant to inspect and copy certain materials, § 3509(m) specifically provides that,

> *[n]otwithstanding* Rule 16 of the Federal Rules of Criminal Procedure, a court *shall* deny, in *any* criminal proceeding, *any* request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so

9

> long as the Government makes the property or material reasonably available to the defendant.

*Id.* § 3509(m)(2)(A) (emphasis added). "The manifest purpose of § 3509(m) is to prevent the unauthorized release and redistribution of child pornography that law enforcement officers and the [G]overnment have gathered for use in a criminal trial." *United States v. Johnson*, 456 F. Supp. 2d 1016, 1018 (N.D. Ia. 2006). The legislative history of § 3509(m) evidences congressional concern over revictimization, finding that "[e]very instance of viewing images of child pornography represents a renewed violation of the privacy of the victims and a repetition of their abuse." *United States v. Mitchell*, 128 F. Supp. 3d 1266, 1272 (E.D. Cal. 2015) (quotation omitted); *see also id.* ("It is imperative to prohibit the reproduction of child pornography in criminal cases so as to avoid repeated violation and abuse of victims . . . ." (quotation omitted)). While the Court has no doubt that Defendant would endeavor treat "comparator" images with the utmost respect for the victims depicted therein, his argument that "the Government can produce to the defense *any* property or material that constitutes child pornography regardless if it relates to the images directly at issue in the instant case" runs directly counter to Congress's concern for revictimization expressed in § 3509(m). (Def.'s Mem. in Supp. of Mot. to Compel Gov't at 4.)

Accordingly, for the reasons stated above, Defendant's motion is denied.

3. Defendant is reminded to inform the Court within 14 days from the date of his arraignment on the Second Superseding Indictment as to whether he intends to file any motions based on the Second Superseding Indictment. (ECF No. 103.)

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: August  16  , 2018          *s/ Tony N. Leung*
                                   Tony N. Leung
                                   United States Magistrate Judge
                                   District of Minnesota

*United States v. Pearson*
Case No. 17-cr-72 (JNE/TNL)